# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

|                                    |     |                            |
| ---------------------------------- | --- | -------------------------- |
| DEBORAH JACKSON,                   | )   |                            |
|                                    | )   |                            |
| Appellant,                         | )   |                            |
|                                    | )   |                            |
| v.                                 | )   | C.A. No.: N14A-07-002 CLS  |
|                                    | )   |                            |
| KINDERCARE and                     | )   |                            |
| UNEMPLOYMENT                       | )   |                            |
| INSURANCE APPEALS BOARD,           | )   |                            |
|                                    | )   |                            |
| Appellees.                         |     |                            |

Date Submitted: April 6, 2015
Date Decided: June 16, 2015

On Unemployment Insurance Appeal Board's Motion to Alter or Amend the Judgment.
**DENIED.**

## <u>ORDER</u>

Deborah Jackson, *pro se* Appellant.

KindCare, 2018 Naamans Road, Wilmington, Delaware, 19810. Appellee.

Paige J. Schmittinger, Esq. and Lisa M. Morris, Esq., Delaware Department of Justice, 820 North French Street, Wilmington, Delaware 19801. Attorneys for Appellee, Division of Unemployment Insurance.

**Scott, J.**

The Appellee Unemployment Insurance Appeals Board ("Board") has filed a motion pursuant to Super. Ct. Civ. R. 59(d) to alter or amend the Order dated March 12, 2015, which reversed the decision of the Board denying Deborah Jackson ("Ms. Jackson") unemployment benefits. For the following reasons, the Board's Motion to Alter or Amend the Judgment is **DENIED**.

1. In the March 12, 2015 Order, this Court reversed the decision of the Board denying Ms. Jackson's claim for unemployment benefits. The Court found that the Board's decision denying Ms. Jackson's claim for unemployment benefits could no longer stand because Employer-below, KinderCare, expressly withdrew any opposition to Ms. Jackson's claim. Therefore, the Court found that there was no controversy to be decided. Accordingly, the Court reversed the Board's decision and remanding the matter to the Board for judgment in according with the Order.

2. On March 18, 2015, the Board filed this Motion to Alter or Amend the Judgment reversing and remanding the Board's decision below, on the basis that amendment of this Court's decision is necessary to prevent manifest injustice.[1]

---

[1] Board's Opening Br. at 3-4 (citing *Lafferty-Eaton v. T.D. Bank NA*, 2014 WL 824294 (Del. Super. Feb. 20, 2014) as the basis for its argument).

3. Delaware law places a heavy burden on a moving party seeking relief under Rule 59.[2] The Delaware test to succeed on a Motion to Alter or Amend Judgment requires the moving party to establish one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice."[3]

4. The Board cites *Lafferty-Eaton v. T.D. Bank NA* as the basis for its argument that its motion should be granted under a theory of manifest injustice. However, the Board's application of *Lafferty-Eaton* here is misplaced, and it has failed to satisfy the burden under the theory of manifest injustice.

5. The court's decision in *Lafferty-Eaton* is not applicable here because the policy considerations addressed in *Lafferty-Eaton* are not, as the Board suggests, nearly identical to the present case. In *Lafferty-Eaton*, the Board's original decision was reversed by the court without reaching the merits due to the employer's failure to participate in the appellate process. In response, the Board filed a motion to alter or amend the judgment, on the basis that amendment of the court's original judgment was necessary to prevent manifest injustice. The court granted the Board's motion, finding that the policy considerations raised by the Board made correction of its previous

[2] *See* Del. Super. Ct. R. 59.
[3] *Kotyshyn v. Commissioners of the Town of Bellefonte*, 2007 WL 1241875, *1 (Del. Super. Apr. 27, 2007).

decision necessary to prevent manifest injustice to the employers of Delaware that pay into the Unemployment Compensation Fund.

6. The Board's manifest injustice argument fails because the present case is distinguishable from *Lafferty-Eaton*. Default under Rule 107 for failure to file an answering brief is a procedural rule; there is still a controversy, but the appellee is procedurally barred.[4] However, an appellee's express concession raises a case and controversy issue, in that there is no longer a disputed claim. Unlike a situation in which an employer merely fails to participate on an appeal, in this case, KinderCare expressly stated that it no longer contests Ms. Jackson's claim for unemployment benefits. Accordingly, the policy concerns at issue in *Lafferty-Eaton* – refusing to punish Delaware employers, collectively, for one employer's negligence – are inapplicable.

7. For the foregoing reasons, the Board's Motion to Alter or Amend the Judgment is **DENIED**.

   **IT IS SO ORDERED.**

   /S/Calvin L. Scott

   **Judge Calvin L. Scott, Jr.**

---

[4] *See* Super. Ct. Civ. R. 107(f).

4